Martinez v Ravi (2023 NY Slip Op 00491)

Martinez v Ravi

2023 NY Slip Op 00491

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Index No. 21744/17 Appeal No. 17217 Case No. 2021-02845 

[*1]Evelyn Martinez, as Executor of the Estate of Juan A. Martinez and Evelyn Martinez, Individually, Plaintiffs-Respondents,
v
Venkata R. Ravi, M.D., et al., Defendants-Appellants, Rafael Bueno, RPA-C, Defendant.

Lewis Johs Avallone Aviles LLP, Islandia (Amy E. Bedell of counsel), for Venkata R. Ravi, M.D., Medinova Physicians, PLLC and Ravi Physician, P.C., appellants.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha Quinn of counsel), for Marisa Leonardo, RPA-C, appellant.
The Pagan Law Firm, P.C., New York (Tania M. Pagan of counsel), for respondents.

Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about July 12, 2021, which denied defendants Venkata R. Ravi, M.D., Medinova Physicians, PLLC, and Ravi Physician, P.C.'s motion for summary judgment dismissing the complaint as against them, and denied defendant Marisa Leonardo, RPA-C's motion for summary judgment dismissing the complaint as against her, unanimously modified, on the facts and in the exercise of discretion on consent of the parties, to dismiss the complaint as against Ravi Physician, P.C., and otherwise affirmed, without costs.
As an initial matter, plaintiffs do not dispute that the complaint should be dismissed against Ravi Physician P.C., as the corporation ceased to exist prior to the alleged malpractice. Accordingly, we dismiss the complaint as against it.
The remaining defendants failed to demonstrate prima facie their entitlement to summary judgment because they failed to submit evidence establishing that they "did not depart from good and accepted medical practice, or that any such departure was not a proximate cause of the plaintiff's alleged injuries" (Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Plaintiffs' bill of particulars asserted a claim for inaccurate record keeping, and point to specific inaccuracies in defendants' medical records, such as duplicate notes during visits and conflicting assessments on the same visits. Defendants' expert did not address those inaccuracies and discrepancies in the records (see Cregan v Sachs, 65 AD3d 101, 108 [1st Dept 2009]).
A reasonable jury could credit decedent's testimony over the allegedly inaccurate records. Moreover, plaintiffs' expert affidavit, which conflicted with defendants' expert as to, among other things, whether Dr. Ravi properly supervised the physician's assistants and whether decedent's blood work or his weight loss was a sign of pancreatic cancer, raised further issues of fact to defeat summary judgment (see Shewbaran v Laufer, 177 AD3d 510, 511 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023